UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RAMON LOPEZ,

    Plaintiff,

v.                                       Case No. 5:06-cv-446-Oc-10GRJ

UNITED STATES OF AMERICA,

    Defendant.

## ORDER OF DISMISSAL

Plaintiff initiated this case by the filing of a Civil Rights Complaint, alleging staff at the Federal Correctional Complex in Coleman, Florida mishandled his personal property. (Doc. 1). Now before the Court is Defendant's Motion to Dismiss. (Doc. 18). Plaintiff has filed a response to the motion. (Doc. 21). This matter is now ripe for review.

## Background

According to the complaint and Plaintiff's FTCA administrative claims documents appended to the complaint, Plaintiff seeks to recover damages for property losses occurring while Plaintiff was incarcerated at FCC Coleman. Specifically, Plaintiff alleges that on April 4, 2006, prison guards "misplaced, confiscated, and/or destroyed some of his personal property." See Doc. 1, pg. 2. Plaintiff alleges the property included a pair of Koss headphones, one shampoo

bottle, and one magazine. Plaintiff filed an administrative claim for $75.00 for such property. See complaint, pg. 5. The BOP rejected all of Plaintiff's administrative claims, as a review of the "shakedown log" indicated nothing was confiscated from Plaintiff's room.

## Motion to Dismiss

The United States argues that the complaint should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because the United States has not waived its sovereign immunity to suit for cases falling with the "detention of goods" exception of the FTCA. (Doc. 18.) That exception excludes from the FTCA's waiver of sovereign immunity "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." 28 U.S.C. § 2680(c).

## Standard of Review

The FTCA provides a limited waiver of sovereign immunity for actions against the United States involving, "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."[1] Statutory waivers of sovereign immunity must be construed

---

[1] Tisdale v. United States, 62 F.3d 1367, 1370-71 (11th Cir. 1995) (quoting 28 U.S.C. § 1346(b)) (emphasis added).

strictly in favor of the sovereign.² "The United States, as sovereign, is immune from suits save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."³  Because the United States' consent to suit is limited by the terms of the FTCA, "[w]here no such consent exists, a district court has no jurisdiction to entertain a suit against the United States."⁴  The burden of proof on a Rule 12(b)(1) motion alleging lack of subject matter jurisdiction is on the party averring jurisdiction.  See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); OSI, Inc. v. United States, 285 F.3d 947, 951 (11th Cir. 2002).

## **Discussion**

In Ali v. Federal Bureau of Prisons,⁵ the Supreme Court considered whether a federal prisoner could maintain an FTCA case against the Bureau of Prisons for lost property.  The prisoner was scheduled for transfer from USP Atlanta to USP Big Sandy, and before being transferred he left two duffle bags of personal property with USP Atlanta's receiving and discharge unit to be inventoried, packed, and shipped. Upon receiving the property at his new facility, Plaintiff noticed that several items

---

² Means v. United States, 176 F.3d 1376, 1378 (11th Cir. 1999) (quotation and citation omitted).

³ United States v. Mitchell, 445 U.S. 535, 538 (1980) (internal quotations and citation omitted); see Broussard v. United States, 989 F.2d 171, 177 (5th Cir. 1993) (assertion that physician was independent contractor, not employee, could be raised at any time because issue implicated jurisdiction under FTCA).

⁴ Stanley v. Central Intelligence Agency, 639 F.2d 1146, 1156 (5th Cir. 1981).

⁵ 552 U.S. 214; 128 S. Ct. 831 (2008).

were missing. Ali, 128 S. Ct. at 834. Following rejection of his administrative claim for compensation, Plaintiff filed suit under the FTCA. The District Court dismissed the suit for lack of jurisdiction under the detention-of-goods exception, and the Eleventh Circuit affirmed. Id. The Supreme Court granted certiorari to resolve a split in the Circuits concerning the scope of the phrase "any other law enforcement officer" in § 2680(c). The Court concluded that the phrase must be broadly construed to include the BOP officers who allegedly lost Ali's property. Id. at 840-41.

This Court agrees that Ali controls the disposition of this case, and Plaintiff provides no persuasive argument to the contrary. Plaintiff suggests that the officers' actions leading to the loss of his property were "intentional" and therefore beyond the scope of the detention-of-goods exception. See Doc. 21. Although Congress has permitted recovery for certain intentional torts committed by law enforcement officers as enumerated in § 2680(h), none of the enumerated torts concerns damage or loss to property. See § 2680(h) (permitting FTCA claims against law enforcement officers for "assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution").

## Conclusion

For the foregoing reasons, the Defendant's motion to dismiss for lack of subject matter jurisdiction is **GRANTED.** The Clerk is directed to enter judgment dismissing this case with prejudice, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 25th day of June 2009.

UNITED STATES DISTRICT JUDGE

c: Ramon Lopez
   Counsel of Record